Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>URBAN OUTFITTERS, INC., a Pennsylvania corporation; 4.COLLECTIVE, LLC, a New York limited liability company; SALT & PEPPER CLOTHING, INC., a California corporation; WESTON WEAR, INC., a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. PATENT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

Plaintiff, WONGAB CORPORATION ("WONGAB"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff creates unique two-dimensional artworks for use in textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize WONGAB to reproduce said designs should they wish to do so, and will not seek to produce the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and WONGAB's exclusive ownership of the copyrights in its designs, parties will still exploit and produce WONGAB's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased, and sold without permission product bearing certain of Plaintiff's proprietary textile designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. and 28 U.S. Code § 1338.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff WONGAB is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea, and is doing business in and with the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant URBAN OUTFITTERS, INC. ("URBAN"), doing business as ANTHROPOLOGIE, is a corporation organized and existing under the laws of the state of Pennsylvania, and is doing business in and with state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant 4.COLLECTIVE, INC. ("4.COLLECTIVE"), is a limited liability company organized and existing under the laws of the state of New York, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant SALT & PEPPER CLOTHING, INC. ("SALT"), doing business as "CHAMPAGNE & STRAWBERRY," is a corporation organized and existing under the laws of the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant WESTON WEAR, INC. ("WESTON") is a corporation organized and existing under the laws of the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1-10, inclusive, are manufacturers and/or vendors (and/or agents or employees to a manufacturer or vendor) of garments, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product produced with certain of Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement, or other currently unknown retail or wholesale customers of the named defendants. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO "PCM-2299-D165"

11. Plaintiff has applied for a United States Copyright Registration for a two-dimensional textile design it has internally designated as PCM-2299-D165 ("Subject Design A"). Plaintiff owns both the base fabric portion of Subject Design A, PCM-2299, and also the overlay, D165. This design was offered for sale prior to the acts complained of herein, and is, and at all relevant times was, owned exclusively by the Plaintiff.

12. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design A, URBAN, COLLECTIVE, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design A (hereinafter "Accused Product A") without Plaintiff's authorization. Such Accused Product A includes, but is not limited to garments sold by URBAN and bearing the label "4.Collective," indicating that it was manufactured by or for 4.COLLECTIVE.

14. A comparison of Subject Design A and Accused Product A is set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

| Subject Design A | Accused Product A |
|---|---|
| Design | Garment |




///

///

///

Detail          Detail



## CLAIMS RELATED TO "PCM-2299-D50"

15. Plaintiff has applied for a United States Copyright Registration for a two-dimensional textile design it has internally designated as PCM-2299-D50 ("Subject Design B"). Plaintiff owns the base fabric portion of Subject Design B, PCM-2299. This design was offered for sale prior to the acts complained of herein, and is, and at all relevant times was, owned exclusively by the Plaintiff.

16. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

17. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design B, URBAN, SALT, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Accused Product B") without Plaintiff's authorization. Such Accused Product B includes, but is not limited to garments sold by URBAN under the SKU number 33144304 and bearing the label "Champagne & Strawberry," indicating that it was manufactured by or for SALT.

18. A comparison of Subject Design B and Accused Product B is set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

| Subject Design B | Accused Product B |
| --- | --- |
| Design | Garment |

 

| Detail | Detail |
| --- | --- |



7
COMPLAINT

**CLAIMS RELATED TO DESIGN PCM-2299-GROUND**

19. Plaintiff owns a design it has titled PCM-2299-GROUND ("Subject Design C"), and has applied to register this design with the U.S. Copyright Office. A true and correct image of Subject Design C is pictured hereunder.

20. Plaintiff marketed and/or sold fabric bearing this design to entities in the fashion industry before the acts complained of herein.

21. Plaintiff is informed and believes and thereon alleges that, following this distribution of product bearing Subject Design C, URBAN, SALT, WESTON, and certain DOE Defendants created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design that is identical, or substantially similar, to Subject Design C (hereinafter "Accused Products C") without Plaintiff's authorization. Accused Products C includes, but is not limited to:

    a. garments sold by URBAN under SKU 4112292546044 and bearing the label "Champagne & Strawberry," indicating that it was manufactured by or for SALT;

    b. garments sold by URBAN and bearing the label "Weston," indicating that it was manufactured by or for WESTON;

22. A comparison of the Subject Design C and Accused Product C (a detail of the garment and the full garment where applicable) is set forth below. A comparison of the two designs and their constituent elements makes clear that the elements, composition, colors, selection, arrangement, layout, and appearance of the designs are at least substantially similar:

| Subject Design C Design | Accused Product C Exemplar Garments |
|---|---|
|  |  |

///

///

///

# CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

23. On May 28, 2013, U.S. Patent No. 8,448,476 entitled "WARP KNITTING FABRIC HAVING GROUND ORGANIZATION EXPRESSING VARIOUS DESIGN PATTERNS" ("the '476 patent"), was duly and legally issued to inventor Il-Soo Lee. A true copy of the '476 patent is attached hereto as **Exhibit B**.

24. WONGAB is the owner by assignment of the '476 patent with full and exclusive right to bring suit to enforce the '476 patent.

25. The '476 patent generally relates to a warp knit fabric having a number of areas of different distinctive loop patterns and arrays of chain numbers with the patterns changing in both the longitudinal and lateral directions. Exemplary Fig. 6 from the front page of the patent is reproduced below.



26. On information and belief, the Defendants have been and are infringing, contributing to infringement, and/or inducing others to infringe the '476 patent by making using, offering for sale, selling or important fabric that infringes the '476 patent. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

27. Specifically, the patented claims read on the Defendants' product in at least the following ways: Defendants' garments employ a warp knitted fabric consisting of a variety of loop shapes (circles, hexagons, ovals, triangles, etc.) as their ground organization. The garments also incorporate a ground fabric comprising warp units that bears a loop shape with offset units and bears a pattern knitted onto the knitted ground fabric. And the ground fabric for the Disputed Product bears a warp-knitted fabric with the warps knitted via a multi-needle process with offset ground bars that knit a loop shape, and bears a pattern organization knitted onto the ground organization. The ground fabric on Defendants' garments includes multiple designs that are continuously arranged across the entirety of the ground fabric organization in a repeating pattern. And each "unit" of the ground fabric on the Defendants' garments includes multiple designs arranged in a vertical direction of the ground organization. Rather than consisting of the same loop shape (i.e., all circles), each unit contains a varying pattern loop shapes (i.e., circles, followed by hexagons, followed by triangles). And each of the unit organizations is formed by consecutively knitted plurality of loops having various shapes in the up-and-down direction and different shapes in the transverse direction, with the unit structures having a zig-zag spatial array and the widths and lengths having different sizes and scales.

28. On information and belief, the Defendants have willfully infringed the '476 patents by continuing their acts of infringement after being on notice of the patent.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

29. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A, B, and C (collectively, the "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and textile mills; (c) access to legitimate WONGAB fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

31. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized textile designs that were identical or substantially similar to the Subject Designs.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

33. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

34. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As

such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that the infringement of WONGAB's copyrighted designs was willful, reckless, and/or in blatant disregard for WONGAB's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

37. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

38. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

40. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that the infringement of WONGAB's copyrighted designs was willful, reckless, and/or in blatant disregard for WONGAB's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

### THIRD CLAIM FOR RELIEF

(For Patent Infringement - Against All Defendants)

43. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

44. In violation of 35 U.S.C. §271, Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '476 patent by making, using, importing, offering for sale, and/or selling fabric that infringes the '476 patent, and/or by inducing or contributing to the infringement of the '476 patent by others.

45. Plaintiff has been damaged by the Defendants' infringement, and Defendants will continue their infringing activity and Plaintiff will continue to be damaged.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to the First and Second Claims for Copyright Infringement

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

<u>With Respect to the Third Claim for Patent Infringement</u>

f. That Defendants, their agents and employees, all parent and subsidiary corporations, all assignees and successors in interest, and those persons in active participation with Defendants, be enjoined from infringing Plaintiff's '476 patent in any manner;

g. an award of damages under 35 U.S.C. § 287 for Defendants' infringements of Plaintiff's '476 patent;

h. a trebling of damages pursuant to 35 U.S.C. § 284;

i. an award of attorney fees pursuant to 35 U.S.C. § 285;

<u>With Respect to Each Claim for Relief:</u>

j. That Plaintiff be awarded pre-judgment and post-judgment interest as allowed by law;

k. That Plaintiff be awarded the costs of this action; and

l. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: August 11, 2017   By:   /s/ *Scott A. Burroughs*
Scott A. Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Wongab Corporation