M. D. SCULLY  (SBN:  135853)
mscully@grsm.com
SUSAN B. MEYER (SBN: 204931)
smeyer@grsm.com
HAZEL MAE B. PANGAN  (SBN:  272657)
hpangan@grsm.com
GORDON REES SCULLY MANSUKHANI LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
ANTHROPOLOGIE, INC. erroneously sued as URBAN OUTFITTERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> URBAN OUTFITTERS, INC., a Pennsylvania corporation; SALT & PEPPER CLOTHING, INC, a California corporation; WESTON WEAR, INC., a California corporation; and DOES 1-10, <br><br> Defendants. | CASE NO.  2:17-cv-05996-FMO-PLA <br><br> **ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Hon. Fernando M. Olguin |
| ANTHROPOLOGIE, INC., a Pennsylvania corporation, erroneously sued as URBAN OUTFITTERS, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> WONGAB CORPORATION, a Korean Corporation, <br><br> Counterclaim Defendant. | |

-1-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Defendant Anthropologie, Inc. ("Anthropologie"), erroneously sued herein as Urban Outfitters, Inc., hereby submits its Answer, Affirmative Defenses, and Counterclaims in response to the First Amended Complaint ("FAC") of Plaintiff Wongab Corporation ("Plaintiff" or "Wongab").  The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's FAC.  Headings used by Plaintiff in its FAC are restated herein for ease of reference, but no admission is made thereby.

## ANSWER

To the extend not expressly admitted below, Anthropologie denies each and every allegation in the FAC, including but not limited to implied allegations and that Plaintiff is entitled to any relief and any monetary recovery in any amount.

## INTRODUCTION

Anthropologie denies the allegations in the first unnumbered paragraph under the FAC's "Introduction" Section that Anthropologie has imported, purchased, and sold without permission products bearing one of Plaintiff's proprietary textile designs.  Anthropologie lacks sufficient knowledge or information to admit or deny the remaining allegations in that first unnumbered paragraph, and therefore denies each and every remaining allegation.

## JURISDICTION AND VENUE

1.     Anthropologie admits that this action purports to assert claims under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1338. Anthropologie denies the remainder of the allegations in Paragraph 1.

2.     Paragraph 2 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, Anthropologie denies the allegations of Paragraph 2 of the FAC.

3.     Anthropologie admits that it has regularly conducted business in this judicial district.  Anthropologie denies the acts—copyright infringement and patent infringement—complained of by Plaintiff occurred and therefore, that they

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

occurred in this judicial district or anywhere else.  The remaining allegations in paragraph 3 are legal conclusions for which no response is required.  Anthropologie denies that it committed any acts and/or omissions giving rise to the copyright and patent infringement claims alleged in the FAC.  To the extent not expressly admitted, Anthropologie denies the remainder of the allegations in Paragraph 3 of the FAC.

4.      Anthropologie lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the FAC, and therefore denies those allegations.

5.      Anthropologie denies Urban Outfitters, Inc. does business as Anthropologie, Inc.  Urban Outfitters, Inc. is an erroneously named party, and Anthropologie is erroneously sued as Urban Outfitters, Inc. herein.  Anthropologie admits that it is a corporation organized and existing under the laws of Pennsylvania, and is doing business in the state of California.

6.      Anthropologie lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the FAC, and therefore denies those allegations.

7.      Anthropologie lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the FAC, and therefore denies those allegations.

8.      Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 8 of the FAC concerning the DOE defendants and denies that Anthropologie participated, ratified, or adopted the alleged acts or conduct and that Anthropologie had knowledge of alleged violations of Plaintiff's alleged rights or alleged damages.  Anthropologie denies that it contributed to the alleged infringement.  To the extent not expressly admitted, Anthropologie denies all allegations in Paragraph 8 of the FAC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-3-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

9.      Anthropologie denies the allegations in Paragraph 9 of the FAC, including that it participated, ratified, or adopted the alleged acts or conduct and that Anthropologie had knowledge of alleged violations of Plaintiff's alleged rights or alleged damages.  To the extent not expressly admitted, Anthropologie denies all allegations in Paragraph 9 of the FAC.

## CLAIMS RELATED TO "PCM-2299-D50"

10.     Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 10 of the FAC.

11.     Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 11 of the FAC.

12.     Anthropologie admits that it sold garments under the SKU number 33144304 and bearing the label "Champagne & Strawberry."  Anthropologie denies all other allegations in Paragraph 12 of the FAC.

13.     Anthropologie denies each and every allegation in Paragraph 13 of the FAC.

## CLAIMS RELATED TO "PCM-2299-GROUND"

14.     Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 14 of the FAC.

15.     Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 15 of the FAC.

16.     Anthropologie admits that it sold garments under the SKU number 4112292546044 and bearing the label "Champagne & Strawberry."  Anthropologie admits that it sold garments bearing the label "Weston."  Anthropologie denies all other allegations in Paragraph 16 of the FAC.

17.     Anthropologie denies each and every allegation in Paragraph 17 of the FAC.

///

///

-4-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## CLAIMS RELATED TO U.S. PATENT NO. 8,448,476

18.    Anthropologie admits that U.S. Patent No. 8,448,476 (the "'476 Patent") purports on its face to be titled "Warp Knitting Fabric Having Ground Organization Expressing Various Design Patterns," and recites on its face an issue date of May 28, 2013 and that the inventor is Il-Soo Lee.  Anthropologie admits that Exhibit A to the FAC purports to be a copy of the '476 Patent.  Anthropologie denies all other allegations in Paragraph 18 of the FAC.

19.    Anthropologie lacks sufficient knowledge or information to admit or deny, and therefore denies each and every allegation in Paragraph 19 of the FAC.

20.    Anthropologie admits that the '476 Patent purports on its face to relate to "warp knitting fabrics having a ground organization and a pattern organization formed by a Raschel machine that is a kind of warp knitting machine, and more specifically, to warp knitting fabrics having a ground organization expressing various design patterns" and Fig. 6 in Paragraph 20 of the FAC appears to have been reproduced from the front page of the patent.  Anthropologie denies all other allegations in Paragraph 20.

21.    Anthropologie denies each and every allegation in Paragraph 21 of the FAC.

22.    Anthropologie denies each and every allegation in Paragraph 22 of the FAC.

23.    Anthropologie denies each and every allegation in Paragraph 23 of the FAC.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants)

24.    Anthropologie incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth herein.

25.    Anthropologie denies each and every allegation in Paragraph 25 of the FAC.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

26.  Anthropologie admits that it is a garment vendor.  Anthropologie denies all other allegations in Paragraph 26 of the FAC.  Anthropologie lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 26 of the FAC, and therefore denies those allegations.

27.  Anthropologie denies each and every allegation in Paragraph 27 of the FAC.

28.  Anthropologie denies each and every allegation in Paragraph 28 of the FAC.

29.  Anthropologie denies each and every allegation in Paragraph 29 of the FAC.

30.  Anthropologie denies each and every allegation in Paragraph 30 of the FAC.

31.  Anthropologie denies each and every allegation in Paragraph 31 of the FAC.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

32.  Anthropologie incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth herein.

33.  Anthropologie denies each and every allegation in Paragraph 33 of the FAC.

34.  Anthropologie denies each and every allegation in Paragraph 34 of the FAC.

35.  Anthropologie denies each and every allegation in Paragraph 35 of the FAC.

36.  Anthropologie denies each and every allegation in Paragraph 36 of the FAC.

-6-

37.     Anthropologie denies each and every allegation in Paragraph 37 of the FAC.

## THIRD CLAIM FOR RELIEF

### (For Patent Infringement – Against All Defendants)

38.     Anthropologie incorporates its responses set forth in each of the foregoing paragraphs as though fully set forth herein.

39.     Anthropologie denies each and every allegation in Paragraph 39 of the FAC.

40.     Anthropologie denies each and every allegation in Paragraph 40 of the FAC.

41.     Anthropologie denies each and every allegation in Paragraph 41 of the FAC.

## PRAYER FOR RELIEF

Anthropologie denies that Plaintiff is entitled to any of the relief sought in Paragraphs a-l in the Prayer for Relief of the FAC, or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Anthropologie hereby asserts and interposes the following affirmative defenses in response to the allegations in Plaintiff's FAC, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and for which the law imposes the burden on Anthropologie, regardless of how such defenses are denominated herein.  Anthropologie expressly reserves the right to add additional affirmative defenses, and to assert other defenses, which become known through investigation, discovery, or other proceedings, in this matter.

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

1.     The FAC fails to state a claim upon which relief can be granted.

///

///

-7-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## SECOND AFFIRMATIVE DEFENSE

### No Copying

2.     Anthropologie, either by itself or with others, did not copy constituent original elements, if any, of Plaintiff's purported copyrighted Subject Designs.

## THIRD AFFIRMATIVE DEFENSE

### Independent Creation

3.     The Accused Products were independently created without the Subject Designs.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Substantial Similarity

4.     There is no substantial similarity between the Subject Designs and the Accused Products, including with respect to any purported constituent original and protectable elements of Plaintiff's purported copyrighted works.

## FIFTH AFFIRMATIVE DEFENSE

### Public Domain

5.     The works that Plaintiff claims have been infringed are not entitled to copyright protection because the works are in the public domain and/or do not constitute copyrightable subject matter.

## SIXTH AFFIRMATIVE DEFENSE

### Merger

6.     Plaintiff's claims are barred by the doctrine of merger.

## SEVENTH AFFIRMATIVE DEFENSE

### *Scènes à Faire*

7.     Plaintiff's claims are barred by the doctrine of *scènes à faire*.

## EIGHTH AFFIRMATIVE DEFENSE

### Lack of Intent to Infringe

8.     Anthropologie acted in good faith, has not infringed, and acted without any intent to infringe Plaintiff's purported copyrighted Subject Designs.

-8-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## NINTH AFFIRMATIVE DEFENSE

### Fair Use

9.     Anthropologie's use, if any, constitutes fair use of Plaintiff's purported copyrighted works.

## TENTH AFFIRMATIVE DEFENSE

### Copyrighted Work Not Original to Plaintiff

10.     Plaintiff's copyrights, including any registrations therein, are invalid because they claim material originally developed by persons other than Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### Misuse of Copyright

11.     Plaintiff attempts to misuse its copyright, if any, to secure an exclusive right or monopoly not granted by the Copyright Office.

## TWELFTH AFFIRMATIVE DEFENSE

### Failure to Join an Indispensable or Necessary Party

12.     Plaintiff's claims are barred by reason of Plaintiff's failure to join an indispensable or necessary party.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Lack of Damages

13.     Plaintiff has sustained no loss or damages as a result of Anthropologie's alleged conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Mitigation of Damages

14.     Plaintiff has failed to mitigate the damages, if any, that it has allegedly suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Wrongful Acts of Third Parties

15.     Persons and individuals, other than Anthropologie, were careless and negligent in and about the matters alleged and that said carelessness and

-9-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  negligence on their part proximately contributed to and/or caused Plaintiff's

2  damages, if any, and that should Plaintiff recover any damages, Anthropologie is

3  entitled to have such damages reduced or eliminated to the extent that third parties

4  caused or contributed to such damages.

5  ## SIXTEENTH AFFIRMATIVE DEFENSE

6  ### Waiver

7  16.    As a result of Plaintiff's own conduct, affirmative statements and

8  admissions, as well as a result of Plaintiff's failure to timely assert any objection to

9  the alleged wrongful or tortious acts attributed to Anthropologie therein, Plaintiff

10  has waived any cause of action and/or claim for relief in conjunction therewith,

11  and thus is barred or precluded from maintaining such action or obtaining any

12  judgment or relief whatsoever against Defendants.

13  ## SEVENTEENTH AFFIRMATIVE DEFENSE

14  ### Estoppel

15  17.    Plaintiff is estopped from asserting and/or prevailing on its claims

16  because Plaintiff has unreasonably delayed in bringing this action and by its

17  conduct, the reliance upon which has prejudiced Anthropologie.

18  ## EIGHTEENTH AFFIRMATIVE DEFENSE

19  ### Punitive/Enhanced Damages Improper

20  18.    Plaintiff fails to state facts sufficient to permit recovery of punitive,

21  enhanced or exemplary damages against Anthropologie.

22  ## NINETEENTH AFFIRMATIVE DEFENSE

23  ### Attorneys' Fees Improper

24  19.    Plaintiff fails to state facts sufficient to permit recovery of attorneys'

25  fees against Anthropologie.

26  ///

27  ///

28  ///

-10-

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                              Case No.: 2:17-cv-05996-FMO-PLA

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## TWENTIETH AFFIRMATIVE DEFENSE

### Consent

20.    Plaintiff's claim of copyright infringement is barred, in whole or in part, as a result of its consent to the acts which form the basis for its claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### First Sale Doctrine

21.    Plaintiff's claims are barred by the first sale doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Lack of Notice

22.    Plaintiff failed to properly mark its alleged copyrighted material and failed to give Anthropologie written notice.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### Innocent Infringement and Good Faith

23.    If and to the extent Plaintiff's work was infringed, Anthropologie acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights.  If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### License / Authorization

24.    This action is barred in whole or in part due to Plaintiff's implied or express license and/or authorization to incorporate the works into the accused products.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### Failure to Timely Register

25.    Plaintiff failed to timely register its copyrights such that it is precluded from seeking statutory damages and/or attorneys' fees.

///

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                         Case No.: 2:17-cv-05996-FMO-PLA

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Plaintiff's Damages are Limited by Apportionment

26.     Any purported damages sought by the Plaintiff in the form of Anthropologie's profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing works, not the entirety of Anthropologie's profit from the alleged infringing products.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Invalid Copyright

27.     Plaintiff's purported copyrights and registrations are invalid, properly subject to invalidation, void, and/or unenforceable based upon deficiencies, for which further investigation or discovery is likely to provide evidentiary support, as follows: (a) the registrations for the purported copyrights contain material that is not original and/or is not protectable as a matter of law; (b) the registrations for the purported copyrights contain materials originally developed by persons or entities other than Plaintiff; (c) the registrations for the purported copyrights contain materials in the public domain; (d) the registrations for the purported copyrights show designs drawn to "Scenes a Faire," that is, to designs that are ordinary, commonplace, or standard in the relevant art or industry; (e) the registrations were not properly obtained and/or do not provide protection for the Subject Designs identified in the FAC; and/or (f) the registrations for the purported copyrights show designs consisting of common shapes and the designs of the purportedly infringing products are not identical to Plaintiff's purported copyrighted works.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Alleged Use *De Minimis*

28.     Anthropologie denies copyright infringement and denies the accused products are substantially similar to the Subject Designs, but if there was any use (which Anthropologie denies) of the Subject Designs, any alleged use of any

///

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                              Case No.: 2:17-cv-05996-FMO-PLA

protectable expression of ideas from the Subject Designs are, at most, de minimis and therefore not actionable.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

29.   Plaintiff has "unclean hands" with respect to the matters alleged in the FAC and, therefore, is barred from maintaining said FAC.

**THIRTIETH AFFIRMATIVE DEFENSE**

**Laches**

30.   Plaintiff's claims are barred by the doctrine of laches.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**Statute of Limitations**

31.   Plaintiff's claims are barred by the applicable statutes of limitations.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**Equitable Indemnity**

32.   Anthropologie asserts its right to equitable indemnification against other third party(s) who are legally responsible for any valid claims asserted by Plaintiff, if any there are.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**Abandonment**

33.   Plaintiff has abandoned any and all rights it may have or had to the works and/or copyrights that are the subject of this litigation.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**Lack of Standing**

34.   Plaintiff lacks standing to assert the claims in the FAC.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**Fraud of the Copyright Office**

35.   Plaintiff's claims are barred, in whole or in part, by Plaintiffs' fraud on the Copyright Office in the application for registration by misstating authorship,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

ownership, and/or making incorrect deposits or statements regarding publication and/or contents of what was published and what were new to those published works.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### No Infringement of Copyrights

36.    Plaintiff's claims are barred, in whole or in part, by the fact that the accused products do not infringe the purported copyrights referenced in the FAC because, among other things, the purported copyrights and/or elements thereof, are not original works of authorship, and there is no substantial similarity between the accused products and the Subject Designs.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### No Infringement of Patent

37.    Anthropologie has not infringed and does not infringe any valid claims of the '476 Patent either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### Invalid Patent

38.    Anthropologie is informed and believes, and therefore alleges, that one or more claims of the '476 Patent are invalid for failing to meet one or more of the requisite conditions or requirements for patentability specified by 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### Failure of the Notice and Marking Requirements

39.    Upon information and belief, Plaintiff's claim for damages prior to providing Anthropologie with actual notice of patent infringement by filing the FAC is barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-14-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## FORTIETH AFFIRMATIVE DEFENSE

### Collateral Estoppel / Prosecution Disclaimer / Prosecution History Estoppel

40.     Plaintiff is precluded under the doctrines of collateral estoppel, prosecution disclaimer, and/or prosecution history estoppel from construing the claims of the '476 Patent to cover the accused products, and is further estopped from asserting infringement under the doctrine of equivalents because of actions taken and arguments made before the United States Patent and Trademark Office during the prosecution of the '476 Patent.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### No Injunctive Relief

41.     Plaintiff cannot satisfy the requirements for its request for injunctive relief and has an adequate remedy at law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### Substantial Non-Infringing Use

42.     Plaintiff's claims are barred, in whole or in part, by the doctrine of substantial non-infringing use for inducement claims even if some users were allegedly infringing asserted patent claim(s), although Anthropologie submits that Plaintiff bears the burden of proving the doctrine's inapplicability.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### Unjust Enrichment

43.     Plaintiff's claims are barred in that they seek excessive damages from Anthropologie that would result in Plaintiff's unjust enrichment.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### Reservation of Defenses

44.     Anthropologie reserves all defenses under the Federal Rules of Civil Procedure, the copyright and patent laws of the United States, and any other defenses, at law or equity, that may now exist or in the future will be available based on discovery, investigation, or analysis in this case.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

### COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12 and/or 13, and by these Counterclaims, Defendant and Counterclaimant Anthropologie, Inc. ("Anthropologie"), erroneously sued herein as Urban Outfitters, Inc., seeks declaratory relief against Plaintiff and Counterclaim Defendant Wongab Corporation ("Wongab") and alleges as follows:

### THE PARTIES

1.      Anthropologie is an entity organized and existing under the laws of the state of Pennsylvania, with its corporate headquarters in Philadelphia, Pennsylvania.

2.      On information and belief, Wongab is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea.

3.      On August 11, 2017, Wongab initiated this action by filing its Complaint, which Wongab amended through its First Amended Complaint ("FAC") filed on December 27, 2017.  In its FAC, Wongab asserts claims for copyright infringement, vicarious and/or contributory copyright infringement, and patent infringement against Anthropologie, erroneously sued herein as Urban Outfitters, Inc.

4.      By way of these Counterclaims, Anthropologie seeks declaratory judgment that Wongab's Subject Designs are not protectable works under the Copyright Act, and that Wongab's asserted copyrights, copyright registrations, and patent are invalid and/or unenforceable.  If Wongab's Subject Designs are deemed protectable and Wongab's asserted copyrights, registrations, and patent are deemed valid and/or enforceable, Anthropologie seeks declaratory judgment of non-infringement of the asserted copyrights and patent.

5.      Based on Wongab's filing of the FAC, an actual controversy has arisen and now exists between the parties as to whether: (a) the Subject Designs

-16-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

are subject to copyright protection; (b) the copyright registrations related to the Subject Design are valid and/or enforceable; (c) the accused products infringe the Subject Designs or any other purported copyright of Wongab's; (d) the '476 Patent is valid or enforceable; and (e) the accused products infringe any claims of the '476 Patent.

6.     Anthropologie seeks a declaration from the Court that: (a) the Subject Designs are not subject to copyright protection and any copyright registrations related to the Subject Designs are invalid, void, and/or unenforceable; (b) the accused products do not infringe any protectable expression from Wongab's purported copyrighted Subject Designs or any other purported copyright of Wongab's; (c) to the extent there is any alleged copying of any protectable expression, such copying is *de minimis* and fair use and, thus, not actionable; (d) the claims of the '476 Patent are invalid because they fail to comply with the provisions of the Patent Laws, 35 U.S.C. §§ 100, *et seq.*, including §§ 101, 102, 103, and/or 112; and (e) the accused products do not infringe any valid claims of the '476 Patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents.

## **JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

8.     This Court has personal jurisdiction over Wongab because, based on information and belief, it does business in California and because Wongab waived any challenge to personal jurisdiction by filing the FAC in this action.  Indeed, by commencing this action in this Court, Wongab has consented to this Court's exercise of personal jurisdiction over it.

///

///

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                                      Case No.: 2:17-cv-05996-FMO-PLA

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

9.     Venue is proper in this district. Not only does Wongab do business within the district, but also Wongab waived any challenge to venue by filing the FAC in this district.

## FIRST COUNTERCLAIM

(Declaratory Judgment of Invalidity, Unenforceability, and Non-Infringement of Wongab's Alleged Copyrights in the Subject Designs)

10.     Anthropologie repeats the allegations of the preceding paragraphs as if fully set forth herein.

11.     Wongab brought an action against Anthropologie, erroneously sued herein as Urban Outfitters, Inc., and the other defendants named in Wongab's FAC, alleging copyright infringement of Wongab's Subject Designs, PCM-2299-D50 and PCM-2299-GROUND.  In its FAC, Wongab seeks an injunction, damages, and other relief for the alleged copyright infringement.

12.     Anthropologie seeks a declaration of the invalidity and unenforceability of Wongab's alleged copyrights in the Subject Designs for, upon information and belief, failure to comply with the requirement of copyrightable subject matter under the Copyright Act, including 17 U.S.C. § 102, *et seq*.

13.     Anthropologie seeks a declaration that it is not infringing the alleged copyrights of Wongab in the Subject Designs, including any copyright registrations therein, and that it has never done so.  Anthropologie denies that it has infringed or is infringing the copyrights of Wongab in the Subject Designs, including any copyright registrations therein.  Anthropologie seeks a declaration that: (a) the accused products do not infringe any protectable expression from Wongab's purported copyrighted Subject Designs or any other purported copyright of Wongab's; and (b) to the extent there is any alleged copying of any protectable expression, such copying is *de minimis* and fair use and, thus, not actionable.

14.     An actual and justiciable controversy exists between Anthropologie and Wongab, with respect to the invalidity, unenforceability, and non-infringement

-18-

of the alleged copyrights of Wongab in the Subject Designs, including any copyright registrations therein.

## SECOND COUNTERCLAIM

(Declaratory Judgment of Invalidity, Unenforceability, and Non-Infringement of United States Patent No. 8,448,476)

15.     Anthropologie repeats the allegations of the preceding paragraphs as if fully set forth herein.

16.     Wongab brought an action against Anthropologie, erroneously sued herein as Urban Outfitters, Inc., and the other defendants named in Wongab's FAC, alleging infringement of U.S. Patent No. 8,448,476 (the "'476 Patent").  In its FAC, Wongab seeks an injunction, damages, and other relief for the alleged patent infringement.

17.     Anthropologie seeks a declaration of the invalidity and unenforceability of the '476 Patent, and the claims thereof.  Upon information and belief, the '476 Patent, including the claims thereof, is invalid, void, and unenforceable for, *inter alia*, failure to meet the requirements of a patent and patent validity under 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.     Anthropologie seeks a declaration that it is not infringing, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents, the '476 Patent, or any valid or enforceable claim thereof, and that it has never done so.  Anthropologie denies that it has infringed or is infringing the '476 Patent, or any valid or enforceable claim thereof.

19.     An actual justiciable controversy exists between Anthropologie and Wongab with respect to the invalidity, unenforceability, and non-infringement of the '476 Patent.

///

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-19-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

## ANTHROPOLOGIE'S PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Anthropologie prays for judgment in its favor and against Plaintiff and Counterclaim Defendant Wongab on all claims as follows:

1.     That Wongab's First Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant and Counterclaimant Anthropologie and against Plaintiff and Counterclaim Defendant, on all claims alleged in the First Amended Complaint;

2.     That judgment be entered in in favor of Defendant and Counterclaimant Anthropologie, and against Plaintiff and Counterclaim Defendant, on all counterclaims alleged in the Counterclaims, including a declaration that: (a) the Subject Designs are not subject to copyright protection and any copyright registrations related to the Subject Designs are invalid, void, and/or unenforceable; (b) the accused products do not infringe any protectable expression from Wongab's purported copyrighted Subject Designs or any other purported copyright of Wongab's; (c) to the extent there is any alleged copying of any protectable expression, such copying is *de minimis* and fair use and, thus, not actionable; (d) the claims of the '476 patent are invalid; and (e) the accused products do not infringe any valid claims of the '476 patent, either directly, contributorily, or by inducement, or either literally or under the doctrine of equivalents;

3.     That the Court declare this case exceptional and award Anthropologie its costs and attorneys' fees under 35 U.S.C. § 285;

4.     That the Court award Anthropologie its costs and attorneys' fees under 17 U.S.C. § 505 and/or 35 U.S.C. § 285;

5.     That the Court award pre-judgment and post-judgment interest to Anthropologie; and

///

-20-

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS                                    Case No.: 2:17-cv-05996-FMO-PLA

1         6.     That the Court award to Anthropologie such other and further relief as

2    the Court deems just and proper.

3                             Respectfully submitted,

4    Dated:  January 17, 2018          GORDON REES SCULLY
                              MANSUKHANI, LLP

6                               /s/ Hazel Mae B. Pangan
                         By: _____

7                             M. D. Scully
                              Susan B. Meyer

8                             Hazel Mae B. Pangan
                              Attorneys for Defendant

9                             ANTHROPOLOGIE, INC.
                              erroneously sued herein as

10                            URBAN OUTFITTERS, INC.

*Gordon Rees Scully Mansukhani, LLP*
*633 West Fifth Street, 52nd Floor*
*Los Angeles, CA 90071*

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                       Case No.: 2:17-cv-05996-FMO-PLA

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Anthropologie,

3

Inc. hereby demands a jury trial on all issues so triable.

4

Respectfully submitted,

5

Dated:  January 17, 2018

GORDON REES SCULLY
MANSUKHANI, LLP

6

7

/s/ Hazel Mae B. Pangan

By: _____

8

M. D. Scully
Susan B. Meyer
Hazel Mae B. Pangan
Attorneys for Defendant
ANTHROPOLOGIE, INC.
erroneously sued herein as
URBAN OUTFITTERS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                    Case No.: 2:17-cv-05996-FMO-PLA

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1

<u>**CERTIFICATE OF SERVICE**</u>

2          I hereby certify that on January 17, 2018, a copy of the foregoing document

3 was filed electronically with the Clerk of the Court using the Court's CM/ECF

4 electronic filing system, which will send an electronic copy of this filing to all

5 counsel of record.

6

7                                        /s/ Hazel Mae B. Pangan

8                                        _____

                                          Hazel Mae B. Pangan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

-23-
ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS                                        Case No.: 2:17-cv-05996-FMO-PLA